UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ALBERT MELENDEZ, SR., and ALEXANDRA　　　Docket No.:
CALCANO, as Co-Administrators of the Estate of
ALBERT MELENDEZ, JR.,　　　　　　　　　　　　**COMPLAINT**

　　　　　　　　Plaintiffs,　　　　　　　　　　Plaintiffs Demand Trial By Jury

　　-against-

RUSSELL T. PETERS, COUNTY OF ULSTER,
OFFICE OF THE ULSTER COUNTY SHERIFF,
JOHN DOE 1, and JOHN DOE 2,

　　　　　　　　Defendants.
---------------------------------------------------------------X

　　Plaintiffs ALBERT MELENDEZ, SR., and ALEXANDRA CALCANO, as Co-Administrators of the Estate ALBERT MELENDEZ, JR., as and for their Complaint in the above-captioned action, hereby allege as follows upon information and belief:

**Preliminary Statement**

　　1.　　This action arises from the wrongful death of Albert Melendez, Jr., on July 16, 2024. In the early morning hours that day, he was a motorist in a vehicle, and was subjected, without reasonable suspicion, to a seizure and ensuing car chase by officers of the County of Ulster and/or Ulster County Sheriff's Office. He crossed over into Sullivan County, where New York State Troopers assumed jurisdiction. He ultimately brought his vehicle to a stop on a side street. Defendant Russell Peters, a State Trooper, immediately got out of his car, gun drawn, and within less than five seconds, began firing bullets into the passenger side window of decedent's car. Decedent posed no danger to the officers or anyone else. He sustained severe gunshot wounds and ultimately succumbed to his injuries. He suffered conscious pain and suffering, fear

1

of impending death, and wrongful death, leaving behind a minor child. This action seeks to hold those responsible for the occurrence accountable.

## Jurisdiction and Venue

2.  This action arises from violations of plaintiff's civil and constitutional rights by RUSSELL T. PETERS, JOHN DOE 1, and JOHN DOE 2, and from negligent acts and/or omissions by defendants COUNTY OF ULSTER and OFFICE OF THE ULSTER COUNTY SHERIFF.

3.  This Court has subject matter jurisdiction over plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. This action arises, inter alia, under 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

4.  This Court has supplemental jurisdiction over plaintiffs' claims arising under state law, including, but not limited to, for general negligence, because they are so related to the federal claims that they form part of the same case and/or controversy.

5.  A substantial part of the events and/or omissions giving rise to the claims herein occurred in the County of Sullivan, State of New York, and venue in the United States District Court for the Southern District of New York is therefore proper.

## Parties and Background

6.  On or about July 16, 2024, decedent ALBERT MELENDEZ, JR., died, leaving distributees surviving.

7.  On September 9, 2025, ALBERT MELENDEZ, SR., and ALEXANDRA CALCANO, were appointed as Co-Administrators of the Estate ALBERT MELENDEZ, JR., by order of the Honorable Timothy P. McElduff, Jr., of the Surrogate's Court, Orange County, and are presently acting in said capacity.

8. At all times herein mentioned, defendant RUSSELL T. PETERS (hereinafter "PETERS") was employed by the State of New York as a New York State Trooper.

9. At all times herein mentioned, defendant COUNTY OF ULSTER was and remains a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

10. At all times herein mentioned, defendant OFFICE OF THE ULSTER COUNTY SHERIFF was and remains a governmental entity, agency, and/or instrumentality.

11. On September 12, 2024, plaintiffs duly and timely served a notice of claim, in writing, upon defendant COUNTY OF ULSTER.

12. On September 18, 2024, plaintiffs duly and timely served a notice of claim, in writing, upon defendant OFFICE OF THE ULSTER COUNTY SHERIFF.

13. On November 15, 2024, ALBERT MELENDEZ, SR., appeared for a hearing pursuant to General Municipal Law §50-h by defendants COUNTY OF ULSTER and OFFICE OF THE ULSTER COUNTY SHERIFF.

14. More than thirty days have elapsed since the service of said Notices of Claim upon defendants COUNTY OF ULSTER and OFFICE OF THE ULSTER COUNTY SHERIFF and they and/or their Comptroller(s) have failed, neglected and refused to pay, settle, compromise or adjust the claims of the plaintiffs herein.

15. At all times herein mentioned, defendant JOHN DOE 1, a fictitious name, his or her real name being unknown, was employed by defendant COUNTY OF ULSTER and/or OFFICE OF THE ULSTER COUNTY SHERIFF.

16. At all times herein mentioned, defendant JOHN DOE 2, a fictitious name, his or her real name being unknown, was employed by defendant COUNTY OF ULSTER and/or OFFICE OF THE ULSTER COUNTY SHERIFF.

17. Plaintiffs undertook reasonably diligent efforts to identify officers JOHN DOE 1 and JOHN DOE 2, but said information is presently within the sole and exclusive custody of the defendants herein.

**As and For a First Cause of Action Pursuant to 42 U.S.C. §1983 against defendants PETERS, JOHN DOE 1, and JOHN DOE 2 (Conscious Pain and Suffering and Fear of Impending Death)**

18. On July 16, 2024, at approximately 2:00 a.m., decedent ALBERT MELENDEZ, JR., was operating a motor vehicle in the County of Ulster, State of New York.

19. On July 16, 2024, at approximately 2:00 a.m., decedent was lawfully operating a motor vehicle in the County of Ulster, State of New York, and/or was seated therein.

20. At the aforesaid time and place, defendants JOHN DOE 1 and/or JOHN DOE 2 attempted to pull decedent over and/or otherwise effectuate a traffic stop.

21. JOHN DOE 1 and JOHN DOE 2 lacked probable cause to pull decedent over and/or otherwise to effectuate a traffic stop.

22. Defendants JOHN DOE 1 and JOHN DOE 2 effected an unlawful seizure of decedent.

23. At the aforesaid time and place, defendants JOHN DOE 1 and JOHN DOE 2 initiated a car chase of decedent's vehicle, in the absence of legally sufficient cause.

24. The car chase reached a high speed and continued over the County border, into the County of Sullivan.

25. After decedent's vehicle left the County of Ulster, responsibility was transferred to the New York State Police.

26. The chase was assumed by a car driven by State Trooper Erik Grahn. Defendant PETERS was a passenger in the car.

27. At approximately 2:23 a.m., decedent brought his vehicle to a stop at and/or about the intersection of Rock Hill Drive and Emerald Place, in the County of Sullivan.

28. Trooper Grahn brought the vehicle he was driving to a stop as well, positioned perpendicularly in front of decedent's vehicle.

29. From this position, decedent's vehicle, which had stopped, was blocked as well. The chase was over.

30. After Grahn stopped the vehicle, defendant PETERS got out of the car, gun drawn. He ignored Grahn's entreaties to remain in the car.

31. Defendant PETERS advanced on decedent's vehicle and fired a significant number of gunshots. Many and/or all of the gunshots were fired while he was standing alongside the vehicle, through the passenger-side window.

32. Less than five seconds elapsed between when PETERS got out of the car and when he began firing.

33. Decedent was unarmed and gave no indication that defendant PETERS could reasonably have interpreted to indicate he was armed.[1]

34. Decedent posed no threat to PETERS, Grahn, any other officer, or any member of the public at the time PETERS got out of his vehicle and/or the time he commenced shooting.

---

[1] The video footage recorded by Grahn's and Peters' body cameras is available at https://ag.ny.gov/osi/footage/albert-melendez-jr, and is respectfully incorporated herein by reference.

35. Under these circumstances, the use of force, let alone deadly force, was unnecessary, inappropriate, and objectively unreasonable.

36. At all times herein mentioned, defendants PETERS, JOHN DOE 1, and JOHN DOE 2 were acting under color of state law.

37. Defendants JOHN DOE 1 and JOHN DOE 2 violated decedent's clearly established rights under the United States Constitution, including, but not limited to, the Fourth and Fourteenth Amendments, by stopping his car and/or otherwise effecting a seizure in the absence of probable cause therefor.

38. Defendant PETERS violated decedent's clearly established rights under the United States Constitution, including, but not limited to, the Fourth and Fourteenth Amendments, by subjecting him to force when it was objectively unreasonable to do so, and in the absence of any probable cause to believe he posed a significant threat of death or serious physical injury to any person.

39. Defendant PETERS violated decedent's clearly established rights under the United States Constitution, including, but not limited to, the Fourth and Fourteenth Amendments, by subjecting him to deadly force when it was objectively unreasonable to do so, and in the absence of any probable cause to believe he posed a significant threat of death or serious physical injury to any person.

40. Defendants PETERS, JOHN DOE 1, and JOHN DOE 2, under color of state law, subjected decedent to the foregoing acts and omissions in violation of 42 U.S.C. §1983, thereby depriving him of rights, privileges, and immunities secured by the United States Constitution, including the Fourth and Fourteenth Amendments thereto.

41. As a result of the foregoing, decedent was caused to sustain severe, serious, and permanent personal injuries, conscious pain and suffering, and fear of impending death.

42. By reason of the foregoing, decedent's Estate has sustained damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00).

43. Plaintiffs further claim punitive damages against defendant PETERS in amounts to be assessed by a jury.

44. Plaintiffs further claims attorney's fees, pursuant, inter alia, to 42 U.S.C. §1988.

**As and For a Second Cause of Action Pursuant to 42 U.S.C. §1983 against defendants PETERS, JOHN DOE 1, and JOHN DOE 2 (Wrongful Death)**

45. Plaintiffs repeat, reiterate, and reallege the allegations set forth in paragraphs 1 through 44 as though set forth more fully herein.

46. Defendants PETERS, JOHN DOE 1, and JOHN DOE 2, under color of state law, subjected the decedent to the foregoing acts and omissions in violation of 42 U.S.C. §1983, thereby depriving him of rights, privileges, and immunities secured by the United States Constitution, including the Fourth and Fourteenth Amendments thereto.

47. As a result of the foregoing, decedent was caused to suffer wrongful death.

48. By reason of the foregoing, plaintiffs have sustained damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00).

49. Plaintiffs further claim punitive damages against defendant PETERS in amounts to be assessed by a jury.

50. Plaintiffs further claims attorney's fees, pursuant, inter alia, to 42 U.S.C. §1988.

**As and For a Third Cause of Action For Negligence Against COUNTY OF ULSTER and OFFICE OF THE ULSTER COUNTY SHERIFF (Conscious Pain and Suffering and Fear of Impending Death)**

51. Plaintiff repeats, reiterates, and realleges the allegations set forth in items 1 through 50 as though more fully set forth herein.

52. At all times herein mentioned, defendants JOHN DOE 1 and JOHN DOE 2 were acting within the scope of their employment with, and/or engagement by, defendants OFFICE OF THE ULSTER COUNTY SHERIFF and/or COUNTY OF ULSTER.

53. On July 16, 2024, at approximately 2:00 a.m., defendants JOHN DOE 1 and JOHN DOE 2, in their capacities as officers of defendants OFFICE OF THE ULSTER COUNTY SHERIFF and/or COUNTY OF ULSTER, initiated a traffic stop and/or police chase of decedent's vehicle.

54. The aforesaid stop was conducted and/or the chase was initiated in the absence of any reasonable suspicion that a crime had been committed and/or when circumstances did not warrant same.

55. Defendants OFFICE OF THE ULSTER COUNTY SHERIFF and/or COUNTY OF ULSTER, through their agents, servants, and/or employees, started and/or continued the aforesaid chase when it was unsafe to do so and/or when continuing said chase was disproportionate to and/or otherwise unjustified by any criminal conduct believed to have been committed.

56. Defendants OFFICE OF THE ULSTER COUNTY SHERIFF and/or COUNTY OF ULSTER, through their agents, servants, and/or employees, operated their vehicle in a negligent, careless, and/or reckless manner, including, but not limited to in pursuing a high-speed chase when it was unsafe to do so and/or failing to abort same.

57. Defendants OFFICE OF THE ULSTER COUNTY SHERIFF and/or COUNTY OF ULSTER, by and through their employees, were careless, reckless, and negligent, in that they

initiated a vehicular chase when it was unsafe to do so; continued and/or failed to abort a chase when it was unsafe; violated their own guidelines for when chases are supposed to be initiated, continued and/or abandoned; continued a chase in reckless disregard for the safety of others, including, but not limited to, the decedent herein; failed to provide accurate, complete, and/or otherwise sufficient information to officers who assumed the chase; and otherwise caused and/or contributed to the subject occurrence.

58. The aforesaid negligence and/or recklessness on the part of defendants OFFICE OF THE ULSTER COUNTY SHERIFF and/or COUNTY OF ULSTER proximately caused the subject occurrence.

59. As a result of the foregoing, decedent was caused to sustain severe, serious, and permanent personal injuries, conscious pain and suffering, and fear of impending death.

60. By reason of the foregoing, decedent's Estate has sustained damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00).

**As and For a Fourth Cause of Action For Negligence Against COUNTY OF ULSTER and OFFICE OF THE ULSTER COUNTY SHERIFF (Wrongful Death)**

61. Plaintiffs repeat, reiterate, and reallege the allegations set forth in paragraphs 1 through 60 as though set forth more fully herein.

62. As a result of the foregoing, decedent was caused to suffer wrongful death.

63. Decedent's wrongful death was proximately caused by the carelessness, recklessness, and/or negligence of defendants OFFICE OF THE ULSTER COUNTY SHERIFF and/or COUNTY OF ULSTER.

64. By reason of the foregoing, plaintiffs have sustained damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00).

**Conclusion**

WHEREFORE, plaintiffs demand judgment against defendants RUSSELL T. PETERS, COUNTY OF ULSTER, OFFICE OF THE ULSTER COUNTY SHERIFF, JOHN DOE 1, and JOHN DOE 2 in the sum of TWENTY MILLION DOLLARS ($20,000,000); punitive damages against defendant PETERS; attorney's fees, pursuant to 42 U.S.C. §1988; the costs and disbursements herein; and such other and further relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
October 1, 2025

Yours, etc.,

KELNER & KELNER, ESQS.
*Attorneys for Plaintiffs*
*Albert Melendez, Sr., and Alexandra Calcano,*
*as Co-Administrators of the Estate of Albert Melendez, Jr.*

By:_____
    Joshua D. Kelner (JK-3303)
7 World Trade Center, Suite 2700
New York, New York 10007
(212) 425-0700

– and –

Neil D. Wollerstein (NW-8668)
THE LAW OFFICE OF NEIL WOLLERSTEIN
895 Sheridan Avenue
Bronx, New York 10451