UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERT MELENDEZ, SR., and ALEXANDRA CALCANO, as Co-Administrators of the Estate of ALBERT MELENDEZ, JR.,<br><br>Plaintiff,<br><br>-against-<br><br>RUSSELL T. PETERS, COUNTY OF ULSTER, OFFICE OF THE ULSTER COUNTY SHERIFF, JOHN DOE 1, and JOHN DOE 2,<br><br>Defendants. | Docket No.<br>25 Civ. 08138 (CS)<br><br>~~PROPOSED~~<br>STIPULATION AND PROTECTIVE ORDER |

**WHEREAS,** Plaintiffs Albert Melendez, Sr., and Alexandra Calcano, as Co-Administrators of the Estate of Albert Melendez, Jr. ("Plaintiffs") and Defendant Russell T. Peters ("Defendant"), (collectively, the "Parties") anticipate that discovery will include information which is sensitive, confidential and/or personal in nature; and in the interest of protecting confidential information while at the same time permitting discovery to proceed without delay occasioned by disputes regarding such information; and

**WHEREAS,** the Parties have agreed to protect information subject to this Confidentiality Stipulation and Protective Order; and

**WHEREAS,** the Parties have agreed that this Confidentiality Stipulation and Protective Order provides for the disclosure of certain information, documents and materials under confidentiality and/or "Confidential - For Attorneys' Eyes-Only" provisions, as defined herein;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between, the undersigned counsel for the Parties as follows:

1. As used herein, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and the Local Civil Rules of this Court.

2. As used herein, the term Personally Identifying Information ("PII") includes any representation of information that permits the identity of an individual to whom the information applies to be reasonably inferred by either direct or indirect means (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft). PII exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

3. The signatories of this stipulation agree that the term "Confidential Material" shall mean material that is only to be used for purposes of this litigation, is not to be disclosed to any third-party, and is to be filed under seal under the procedures so designated by the Court.

4. As used herein, the term "Confidential Material" shall mean documents produced from the records of the New York State Police ("NYSP") and the information contained therein, the disclosure of which could jeopardize institutional or public safety, security or good order, or which contain information that is confidential under state or federal law.

5. Any party may designate documents and witness testimony as Confidential Material.

6. Defendant may further designate as "Attorney's Eyes-Only" any Confidential Material in the following categories, unless publicly available from other sources:

a. Reports and other records prepared by NYSP in connection with an investigation conducted by that entity, in conjunction with other law enforcement agencies, regarding criminal activity involving Albert Melendez, Jr.;

b. Reports and other records prepared by NYSP in connection with an internal investigation conducted by that entity;

c. Health care (including, but not limited to, drug or substance abuse records), mental health care, and labor relations records that contain PII concerning any employee of NYSP, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been

completed before any records approved for release are produced, and provided that, for any records that constitute law enforcement disciplinary records as defined in NYS Public Officers Law ("POL") § 86, such records shall be redacted consistent with obligations under POL §§ 89 and 96 and/or to ensure the institutional and/or public safety, security or good order;

d. Personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings, performance evaluations, and counseling, which would not otherwise be subject to a public right of access under the Freedom of Information Law ("FOIL"), Article 6 (Sections 84-90). Further, provided that, for any records that constitute law enforcement disciplinary records as defined in POL § 86, such records shall be redacted consistent with obligations under POL §§ 89 and 96 and/or to ensure institutional or public safety, security or good order;

e. Directives, rules, regulations, and any other written policies or materials issued by NYSP that are not publicly available and are handled as confidential material and restricted from unauthorized access and/or contain information affecting the safety or security of the public or members of the NYSP;

f. NYSP training materials that are not publicly available, are handled as confidential material and restricted from unauthorized access, and/or refer to or concern matters of public or institutional safety, security, or good order;

g. Any other records, photographs, videos, maps, diagrams or materials that could compromise the safety or security of the public or any NYSP facility, office, or personnel if f disclosed to the general public;

7. Notwithstanding the treatment as Confidential Material or Attorney's Eyes-Only, with respect to personnel, health care or mental health care records that contain PII concerning any employee of NYSP it is understood that the names, residence addresses, employee insurance information, Social Security numbers, NYSID and FBI numbers and/or Department Identification Numbers ("DIN") of any employee or other person who has not provided Defendant with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by Defendant or non-parties.

8. An inadvertent failure to designate documents as Confidential Material or Attorney's Eyes-Only material may be corrected by supplemental written notice given as soon as practicable.

9. To the extent Plaintiffs' counsel obtained copies of documents described in Paragraphs 4 or 6 herein prior to the commencement of this action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information ,may be designated hereafter as Confidential Material or Attorney's Eyes-Only.

10. In the event a party challenges another party's or a non-party's designation of Confidential Material and/or Attorney's Eyes-Only, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. If an application to the Court is made, the Court's procedures for resolving discovery disputes shall be followed. Material designated as Confidential Material and/or Attorney's Eyes-Only shall be treated as such until either the parties agree or the Court rules otherwise. Nothing in this Protective Order constitutes an admission by any party or non-party that Confidential Material disclosed in this action is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Material.

11. Confidential Material or Attorney's Eyes-Only material produced pursuant to the terms of this Stipulation and Protective Order shall be utilized by the receiving party and their counsel solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

12. Confidential Material and Attorney's Eyes-Only designated material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by a Court.

13. As for Confidential Material only, counsel for Plaintiffs may allow Plaintiffs to view and inspect Confidential Material as necessary to prosecute this action. However, Plaintiffs shall not retain copies of Confidential Material.

14. The parties shall not disclose Confidential Material to any person not a party or a member of the staff of the parties' attorneys' offices, except under the following conditions:

a. Disclosure may be made only if necessary to the preparation or presentation of each party's case in this action, or trial of this action, or any appeal thereof.

b. Disclosure before trial may be made only to:

i. An expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for this action;

ii. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

iii. A witness at deposition;

iv. The Court, including court personnel; and

v. Any other person agreed to by the Producing Party.

c. Before any disclosure is made to a person listed in subparagraph (b)(i) above, the party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order and such person shall consent in writing, in the Certification annexed hereto, not to use the Confidential Material for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Material except in testimony taken in this case. The signed consent shall be retained by counsel for the party disclosing the information.

15. If an individual employee of NYSP in the ordinary course of performing their daily job duties, unrelated to this litigation, discloses records containing any of the Confidential Material listed in Paragraphs 4 or 6 of this Order, such discovery and/or disclosure shall not be deemed a violation or waiver of this Order.

16. The disclosure of Attorney's Eyes-Only material shall be limited to:

a. Attorneys for Plaintiffs;

b. Defendant and attorneys for Defendant;

c. An expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for this action;

d. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

e. The Court, including court personnel; and

f. Any other person agreed to by the Producing Party.

Before any disclosure is made to a person listed in subparagraph (c) above, the party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order and such person shall consent in writing, in the Certification annexed hereto, not to use the Attorney's Eyes-Only materials for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Attorney's Eyes-Only materials except in testimony taken in this case. The signed consent shall be retained by counsel for the party disclosing the information.

17. Confidential Material or Attorney's Eyes-Only material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiffs' counsel, provided, however, that in the event that Plaintiffs' counsel intends to produce documents containing Confidential Material or Attorney's Eyes-Only material or that contain

Confidential Material or Attorney's Eyes-Only material obtained from such documents in response to such order, Plaintiffs' counsel shall serve notice of such order upon Defendant's counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Defendant the opportunity to seek a protective order against such production.

18. The Confidential Material or Attorney's Eyes-Only material shall not be disclosed in open court without first affording Defendant's counsel an opportunity to contest disclosure and/or admissibility of such Confidential Material or Attorney's Eyes-Only material.

19. If Plaintiffs' attorneys intend to file with the Court any papers that attach, enclose, or contain Confidential Material or Attorney's Eyes-Only material (as defined in this Stipulation and Protective Order), and Defendant's attorneys do not provide consent in writing, Plaintiffs' attorneys shall request or move the Court to direct that such documents be filed under seal, following the Court's rules, including the Local Rules, and procedures, and practices for making such a request or motion.

20. If any Party or, as appropriate, non-party, intends to disclose Confidential Material during any hearing or trial before the Court, including through argument, filings, or the presentation of evidence, such Party or, as appropriate, non-party, may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Material.

21. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), no privilege or protection is waived by disclosure connected with this action, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party on demand

without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) and Fed. R. Civ. P. 26(b)(5)(B) relating to inadvertent disclosure. However, nothing herein shall be deemed to waive the right of the receiving party to dispute the producing party's claim of privilege.

22. Within sixty (60) days of the conclusion of this Action, including appeals, Plaintiffs' counsel shall either return to Defendant's counsel all Confidential Material and/or Attorney's Eyes-Only material, and any copies thereof, in their custody, possession or control and any documents containing Confidential Material and/or Attorney's Eyes-Only material, in whole or in part, and any copies made therefrom or shall notify Defendant's counsel in writing that all such material has been destroyed. Notwithstanding the foregoing, Plaintiffs'counsel may retain: (1) attorney work product that refers to or relates to Confidential Material and/or Attorneys' Eyes-Only material and (2) copies of all documents filed with the Court, including documents filed under seal. Any retained Confidential Material and/or Attorney's Eyes-Only material will continue to be protected by this Stipulation and Protective Order.

23. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in Paragraphs 4 and 6 herein.

24. This Stipulation and Order and the agreements embodied herein shall survive the termination of this action and shall continue in full force and effect.

25. This Stipulation and Order is entered into without prejudice to the right of any Party to seek additional protections if it believes the protections of this Order are not appliable or are inadequate. Nothing herein precludes any producing Party from seeking such different or additional protection and this Stipulation and Order shall be fully binding on and enforceable

against the Parties hereto and their undersigned counsel, as well as any successor counsel appearing in this litigation.

| | |
|---|---|
| Kelner & Kelner, Esqs.<br>*Attorneys for Plaintiffs*<br>7 World Trade Center, Suite 2700<br>New York, New York 10007<br>(212) 425-0700<br>jkelner@gmail.com<br><br>By: ______________________<br>Joshua Douglas Kelner, Esq.<br><br>Dated: New York , New York<br>September 16 , 2026 | The Quinn Law Firm, PLLC<br>*Attorneys for Defendants*<br>399 Knollwood Road, Suite 220<br>White Plains, New York 10603<br>(914) 997-0555<br>sbushnell@quinnlawny.com<br><br>By: ______________________<br>Steven J. Bushnell, Esq.<br><br>Dated: White Plains, New York<br>September 16 , 2026 |

Dated: White Plains, New York
September 16, 2026

SO ORDERED:

______________________
Hon. Cathy Seibel, United States District Judge